FILED
CLERK
5/28/2015 12:14 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANTHONY MIOLA,

                Plaintiff,

    -against-

NASSAU COUNTY, MICHAEL SPOSATO,

                Defendants.
----------------------------------------------------------------X

ORDER
15-CV-2323 (SJF)(SIL)

FEUERSTEIN, District Judge:

      On April 17, 2015, *pro se* plaintiff Anthony Miola ("plaintiff" or "Miola") filed: (1) a civil rights complaint pursuant to 42 U.S.C. § 1983 against Nassau County and Michael Sposato (collectively, "defendants"), alleging that unsanitary prison conditions purportedly existing at the Nassau County Correctional Center ("NCCC") during his incarceration there in 2011-2012 deprived him of his constitutional rights; and (2) an application to proceed *in forma pauperis*. By order dated April 30, 2015, *inter alia*, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief. Plaintiff now moves for reconsideration of so much of the April 30, 2105 order as *sua sponte* dismissed his complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). For the reasons set forth below, plaintiff's application for reconsideration is granted but, upon reconsideration, the Court adheres to its original determination to *sua sponte* dismiss his complaint in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

1

I.  DISCUSSION

Motions for reconsideration in this district are governed by Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 6.3"), which provides, in relevant part, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion * * *. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." The requirements of Local Rule 6.3 are "narrowly construed and strictly applied," Chepilko v. Cigna Life Ins. Co. of N.Y., 952 F. Supp. 2d 629, 631 (S.D.N.Y. 2013), aff'd, 590 F. App'x 98 (2d Cir. Jan. 22, 2015) (quotations and citations omitted); see also U.S. v. Yudong Zhu, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014), "so as to avoid duplicative rulings on previously considered issues, and to prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment." Anwar v. Fairfield Greenwich Ltd., 950 F. Supp. 2d 633, 638 (S.D.N.Y. 2013); see also Schoolcraft v. City of New York, 298 F.R.D. 134, 137 (S.D.N.Y. 2014).

In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters,

in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995); accord Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012).

Plaintiff contends, in essence, that reconsideration is warranted because he asserts a "new" claim in this action that he did not assert in the Anderson action, i.e., that he contracted a staph infection as a result of his incarceration at the NCCC. However, as plaintiff has failed to proffer any evidence in support of that claim, or to demonstrate that he could not have raised that purportedly "new" claim in the Anderson action prior to the dismissal of his claims therein with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the assertion of that claim in this action does not alter my original determination in the April 30, 2015 order. See Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (holding that a dismissal with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure "constitutes a final judgment with the preclusive effect of *res judicata* not only as to matters litigated and decided by it, *but as to all relevant issues which could have been but were not raised and litigated in the suit*." (emphasis added; quotations and citation omitted); accord Samuels v. Northern Telecom, Inc., 942 F.2d 834, 836 (2d Cir. 1991). Accordingly, plaintiff's application for reconsideration is granted but, upon reconsideration, I adhere to my original determination to *sua sponte* dismiss his complaint in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

II. Conclusion

For the reasons stated herein, plaintiff's application for reconsideration of so much of this Court's April 30, 2015 order as *sua sponte* dismissed his complaint in its entirety with prejudice

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief is granted but, upon reconsideration, the Court adheres to its original determination. The Clerk of the Court shall close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 28, 2015
Central Islip, N.Y.